IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TERESA C. THOMPSON, | CV 05-6215-CO |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

    KATHRYN TASSINARI
    DREW L. JOHNSON, P.C
    1700 Valley River Drive, First Floor
    Eugene, OR 97401

        Attorneys for Plaintiff

    KARIN J. IMMERGUT
    United States Attorney
    NEIL J. EVANS
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204-2902

    THOMAS M. ELSBERRY
    Special Assistant United States Attorney
    Social Security Administration
    701 5th Avenue, Suite 2900 M/S 901
    Seattle, WA  98104-7075

        Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff, Teresa Thompson (Thompson), brings this action for judicial review of a final decision of the Commissioner of Social Security, dated April 13, 2005, denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and Social Security Insurance (SSI) under Title XVI of the Social Security Act.  This court has jurisdiction under 42 U.S.C. § 405(g).

Thompson applied for benefits on January 22, 2002, alleging disability due to migraine headaches that occurred approximately twice a month and lasted for two to three days at a time. Thompson was 42 years old at the time of the ALJ's final decision finding her not disabled.  She has two years of college education and has worked in the past as a waitress, bartender, change clerk in a casino, and counselor in a drug rehabilitation center.

On appeal to this court, Thompson alleges the ALJ erred by: (1) failing to give clear and convincing reasons for rejecting the opinion of Rola Baker, M.D.; (2) failing to give clear and convincing reasons for rejecting plaintiff's testimony, and; (3) failing to give legally sufficient reasons for rejecting lay witness testimony.

For the reasons that follow, the Commissioner's decision should be affirmed and this case should be dismissed.

2 - FINDINGS AND RECOMMENDATION

## **STANDARD OF REVIEW**

The initial burden of proof rests on the claimant to establish disability.  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation.  *Andrews*, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the

3 - FINDINGS AND RECOMMENDATION

Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520, 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that Thompson had not engaged in substantial gainful activity since her amended alleged onset date of disability, January 1, 2002. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that Thompson's migraine headaches were severe. *See* 20 C.F.R. §§ 404.1520©), 416.920©).

At step three, the ALJ determined that Thompson's migraine headaches do not meet or equal the criteria of any listed impairment considered so severe as to automatically constitute disability. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d); 416.920(a)(4)(iii), 416.920(d).

The ALJ assessed Thompson with a residual functional capacity (RFC) to perform sedentary and light work with the following limitations: only occasional stooping, crawling, and

4 - FINDINGS AND RECOMMENDATION

kneeling; limited overhead reaching; no work around unprotected heights, or moving or hazardous machinery; and, no exposure to extreme temperatures, concentrated noise, humidity, or vibration. *See* 20 C.F.R. § 404.1567 (defining exertional levels of work); *see also* Social Security Ruling (SSR) 83-10.

At step four the ALJ found that Thompson remains capable of performing all her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); 416.920(a)(4)(iv), 416.920(f). Accordingly, the ALJ found Thompson not disabled as defined by the Social Security Act.

Since the ALJ found Thompson not disabled at step four, he was not required to address step five.

## DISCUSSION

### I.  The ALJ provided legally sufficient reasons supported by substantial evidence for rejecting Dr. Baker's opinion.

In a letter dated June 7, 2004, Rola Baker, M.D., stated that Thompson was incapacitated by migraine headaches approximately five to six days per month, and as a result there was no way to predict when she would miss work. According to Thompson, the ALJ wrongly rejected this opinion.

The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician when it is not contradicted by another doctor. *See Morgan v. Commissioner of Social Security Administration,* 169 F.3d 595, 600 (9th Cir. 1999). However, if a

5 - FINDINGS AND RECOMMENDATION

treating physician's opinion is contradicted by another doctor, the Commissioner may reject it by providing "specific and legitimate reasons" supported by substantial evidence in the record.  *Id.* at 600-601.  Further, a treating physician's opinion is given controlling weight only when it is well supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantiated evidence" in the record.  *See* 20 C.F.R. § 404.1527(d)(2).

In this case, Dr. Baker's opinion was contradicted by other treating and examining physician's opinions in the record, so it was not entitled to controlling weight, but could be discredited by the ALJ for specific and legitimate reasons.  Contrary to Thompson's contention, the ALJ's reasons for rejecting Dr. Baker's opinion met this standard.

The principal reason the ALJ gave for rejecting Dr. Baker's opinion was that it was not based on objective clinical or laboratory findings and was not substantiated by Dr. Baker's chart notes, which reflected infrequent complaints of migraines.

The ALJ also found Dr. Baker's opinion was questionable because it was contradicted by the opinions and medical findings of two other examining physicians of record.  Luke Herscher, D.O., obtained negative findings from an April 2002 brain MRI, and opined that Thompson could do a full range of work activity. And in August 2002, Jerry Boggs, M.D., performed a neurological

6 - FINDINGS AND RECOMMENDATION

exam on Thompson and opined that her overuse of the drug Fioricet was a significant factor in her symptoms, and that her headaches might be related to a desire to obtain disability for headaches.

Finally, the ALJ relied on residual functional capacity assessments performed in May and September 2002, by two different doctors from State Disability Determination Services. Mary Ann Westfall, M.D., and Charles Spray, M.D., determined that Thompson could perform light work with some occasional postural movements and only occasional overhead reaching, along with some environmental limitations. The ALJ stated that these reports were consistent with the substantial weight of the evidence and thus entitled to greater weight than Dr. Baker's unsubstantiated, contradicted opinion.

Thompson argues that the ALJ incorrectly stated that Dr. Barker's notes did not show Thompson to be incapacitated with the degree of frequency reflected in his letter, and that in fact her reports of headaches were "few and far between." According to Thompson, between April 2000, and April 2004, she visited Dr. Baker 27 times and reported severe migraine headaches on most of those visits, though she did not seek treatment every time she had a headache. She also contends her chiropractic treatment with Dr. Boggs was to treat her headaches.

A careful review of Dr. Baker's chart notes contained in the record reveals that although Thompson's migraine medications were

7 - FINDINGS AND RECOMMENDATION

reviewed at almost every appointment, she only reported experiencing migraines at less than one-third of the visits between April 2000, and April 2004.  Accordingly, I find the ALJ's characterization of Thompson's reports of headaches as "few and far between" to be reasonable, and supported by substantial evidence.  Additionally, I find the ALJ's reasons for rejecting Dr. Baker's opinion that Thompson would miss five to six days of work per month were specific and legitimate.

## II. The ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Thompson's credibility.

Thompson claims the ALJ failed to give clear and convincing reasons for rejecting her testimony.

In assessing a claimant's credibility the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for truthfulness, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication.  *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

8 - FINDINGS AND RECOMMENDATION

Here, the ALJ found Thompson's subjective reports were not entirely credible for many of the above reasons. First, the ALJ determined that Thompson's activities of daily living were inconsistent with her claim of suffering from disabling headaches between two and six times a month for two to three days at a time. He noted that she engaged in a broad range of activities, including driving a car five times a week to visit her parents, going to church three times a week for up to two hours at a time, going shopping, transporting her child to school, and so forth.

Thompson contends she is only able to engage in these activities when she does not have a headache, but when she does have a headache she is unable to do anything except lay in bed. While this may be true, it was not unreasonable for the ALJ to find that her activity level, in conjunction with other factors discussed below, was not indicative of someone who was incapacitated by headaches up to 12 days a month.

Second, the ALJ determined that Thompson's subjective reports were not substantiated by objective medical evidence, or endorsed by most of the physicians who examined her, as discussed above. He gave particular weight to the opinion of Dr. Boggs that Thompson's overuse of Fioricet was a significant factor in her symptoms, and that she had secondary gain motivations.

Thompson contends that Dr. Boggs never specifically indicated that he thought she was malingering, and that his

9 - FINDINGS AND RECOMMENDATION

examination reports don't show why he thought her application for disability was a "significant factor." Thompson argues that if the ALJ thought psychological factors might be affecting the severity of her headaches then further development of this issue could be done on remand.

None of these arguments is availing. Dr. Boggs did not contend that Thompson didn't experience headaches; only that she was significantly contributing to the cause of her headaches by overusing medications. He stated that the overuse of medication was a "significant factor" in her headaches, not that her application for disability was. There is no suggestion by Dr. Boggs or by the ALJ that "psychological factors" were affecting the severity of her headaches. To the contrary, the ALJ credited Dr. Bogg's clear statement that her use of medication was affecting her headaches.

Third, the ALJ found that, based on Thompson's spotty work history prior to the alleged onset of disabling headaches, her unemployment "may be related to issues other than her medical condition."

Thompson argues that under *Carson v. Apfel*, 1999 WL 672101, *7 (D.Or August 24, 1999)(finding that a poor work history does not necessarily indicate a lack of credibility in general or evidence of a tendency to exaggerate symptoms), the ALJ's rationale is improper. However, the ALJ did not conclude that

10 - FINDINGS AND RECOMMENDATION

Thompson's work history evidenced a lack of credibility, *per se*. Rather, he found her poor work history cast doubt on whether she discontinued working this time due to her headaches.  I find this interpretation of Thompson's earning records to be reasonable.

Finally, the ALJ found that Thompson's "body habitues" (she is 5 feet six inches tall and weighs 140 pounds) was not consistent with her claims of frequent, heavy bouts of nausea and vomiting.

Thompson argues this was an inappropriate reason to discredit her symptom reports because actually she is fairly thin, and in any event she claims to vomit only about 75 percent of the time she has a migraine.

I concur with Thompson that the ALJ wrongly considered her body habitues in assessing her credibility.  Nevertheless, even without this reason, the ALJ provided clear and convincing reasons based on substantial evidence to find her less than fully credible.

### III. **The ALJ properly discredited lay witness testimony.**

Thompson contends that the ALJ failed to give proper credit to the testimony of her mother, Charlene Thompson.

The ALJ must account for lay witness testimony and provide germane reasons for rejecting it, but he is not required to discuss non-probative information.  *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Vincent ex. rel. Vincent v.*

11 - FINDINGS AND RECOMMENDATION

*Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, the ALJ discussed Charlene Thompson's testimony in great detail. He noted that Thompson's mother testified that Thompson always had headaches from the time she was very young, and they progressively worsened over time. She claimed that Thompson's headaches would occur about twice a month, last two to three days at a time, and that Thompson had difficulty talking on the phone or taking care of her young child when they occurred. Thompson's mother also confirmed Thompson's church activity, that Thompson left her home nearly every day, went shopping, and performed a full range of household chores.

The ALJ stated that he considered Charlene Thompson's testimony, but found her statements to be inconsistent with Thompson's medical records. I find this to be a germane reason for rejecting Thompson's mother's testimony.

Accordingly, I find the ALJ properly assessed the lay witness testimony in this case.

### **RECOMMENDATION & SCHEDULING ORDER**

Based on the foregoing, the Commissioner's final decision should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment or appealable order.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the  factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20_day of July, 2006.

                                                  _____/s/_____
                                                  John P. Cooney
                                                  United States Magistrate Judge